## THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| ANTHONY REED, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| vs. | ) | Case No. 16 C 6729 |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

Anthony Reed pled guilty to federal drug, firearm, and assault charges and is serving a term in prison. He has moved the Court under 28 U.S.C. § 2255 to vacate his sentence in light of *United States v. Johnson*, 135 S. Ct. 2551 (2015). Reed also seeks to amend his section 2255 motion to include a claim that he is entitled to relief under *Dean v. United States*, 137 S. Ct. 1170 (2017), which was decided after he filed his original section 2255 motion.

## Background

The following facts are taken from Reed's plea agreement. Reed pled guilty after being arrested twice by federal agents. The first arrest took place on October 22, 2004, after he purchased a kilogram of cocaine through a government informant. After Reed finished the transaction and began to drive away, he was stopped by FBI and DEA agents. They found a hidden compartment in Reed's car, which contained "885 grams of cocaine, a separate bag containing 5.8 grams of cocaine and 11.4 grams of cocaine base in the form of crack cocaine, and a loaded nine millimeter Ruger pistol." Plea Agr.

at 3.  The second arrest took place on April 14, 2005, after Reed attempted to sell a

half-kilogram of crack cocaine to an informant.  As agents tried to arrest him, Reed

assaulted a federal agent by striking the agent with his car while unsuccessfully

attempting to flee to avoid arrest.

Reed pled guilty to four charges.  These included a charge under 18 U.S.C. §

924(c)(1)(A) for possessing a firearm in furtherance of a drug trafficking crime, a charge

of assaulting an agent in violation of 18 U.S.C. § 111(a), and two drug trafficking

charges under 21 U.S.C. § 841.  Under section 924(c)(1)(A), a person who uses or

carries a firearm in furtherance of a crime of violence or a drug trafficking crime is

subject to an additional five-year prison term beyond the punishment imposed for the

underlying crime.

**Discussion**

**I.     Motion to vacate**

Reed has moved under section 2255 to vacate his sentence in light of *Johnson*.

A defendant in federal custody moving to vacate his or her sentence must show that the

sentence is subject to collateral attack by demonstrating "the sentence was imposed in

violation of the Constitution or laws of the United States . . . ."  28 U.S.C. § 2255(a).  In

*Johnson*, the defendant was prosecuted under a different subsection of 18 U.S.C. § 924

from the one under which Reed was prosecuted, specifically, 18 U.S.C. § 924(e)(1).

Under that provision, a person who violates 18 U.S.C. § 922(g) and has three previous

convictions for a "violent felony or serious drug offense," is subject to a mandatory

minimum prison term of fifteen years.  In *Johnson*, the Supreme Court held that the

definition of "violent felony," found in 18 U.S.C. § 922(e)(2)(B), is unconstitutionally

vague, as it fails to give prospective defendants notice of what the statute covered. *Johnson*, 135 S. Ct. at 2557.

Reed offers two arguments in support of vacating his sentence under *Johnson*. First, he argues the definition of a "crime of violence" as used in section 924(c)(1)(A), under which he was prosecuted—a definition found in section 924(c)(3)(B)—is void for vagueness, for the same reasons that the Supreme Court discussed in addressing section 924(e)(2)(B)'s definition of a "violent felony" in *Johnson*. Second, Reed argues that section 924(c)(1)(A) itself is void for vagueness, albeit for reasons different from those addressed in *Johnson*. Specifically, Reed argues section 924(c)(1)(A) fails to provide notice to ordinary people that a sentence under that provision runs consecutively to, not concurrently with, the terms imposed on other charges. Reply Br. at 3-5. This argument does not turn on the purportedly vague definition of "crime of violence." *Id.*

The government argues Reed should not prevail on either argument, as his motion is time-barred, he waived his right to appeal, and his claims are procedurally defaulted. The Court agrees that Reed's claims are time-barred and therefore does not address the government's other arguments.

A motion under section 2255 must be filed within one of four periods of limitations identified in section 2255(f), two of which are relevant in Reed's case. First, the default rule is that a defendant's one-year period to file a section 2255 motion begins on the date on which his judgment of conviction became final. 28 U.S.C. § 2255(f)(1). Reed's judgment became final on December 20, 2007, the date that his ability to appeal his conviction lapsed. *Clay v. United States*, 537 U.S. 522, 527 (2003); Fed. R. App. P.

4(b). Reed filed his motion eight and one-half years later, on June 24, 2016. *See*

*Jones v. Bertrand*, 171 F.3d 499, 502 (7th Cir. 1999) ("[A] petition is deemed filed when

given to the proper prison authorities and not when received by the district court clerk.").

Thus if section 2255(f)(1) provides the starting date for calculation of the one-year

limitations period, Reed's motion is time-barred.

 Reed argues that the timeliness of his motion should be determined not by

section 2255(f)(1) but by section 2255(f)(3). Under this section, a defendant's one-year

period to file a section 2255 motion begins on "the date on which the right asserted was

initially recognized by the Supreme Court, if that right has been newly recognized by the

Supreme Court and made retroactively applicable to cases on collateral review[.]" 28

U.S.C. § 2255(f)(3). Reed contends that the one-year period for filing his motion began

on June 26, 2015, the date that *Johnson* was decided. The Supreme Court recognized

*Johnson* applied retroactively in *Welch v. United States*, 136 S. Ct. 1257, 1265 (2016).

Given Reed's argument, the question before the Court is whether either of Reed's

arguments relies upon the same right the Supreme Court recognized in *Johnson*.

 First, Reed argues that his conviction should be vacated because section

924(c)(3)(B), which defines "crime of violence" in a way similar to the definition of

"violent felony" struck down in *Johnson*, is unconstitutionally vague. In *United States v.*

*Cardena*, 842 F.3d 959 (7th Cir. 2016), the Seventh Circuit held, based upon the

reasoning of *Johnson*, that the "crime of violence" definition employed in section

924(c)(3)(B) was void for vagueness. *Id.* at 995-96. Neither *Johnson* nor *Cardena*

affords Reed any relief, however, because Reed's conviction in this case did not rely

upon the definition of a "crime of violence." As indicated earlier, to sustain a charge

under section 924(c)(1)(A), the government must prove that the defendant used or carried a firearm in furtherance of a crime of violence *or* a drug trafficking crime. 18 U.S.C. § 924(c)(1)(A). In Reed's plea agreement, he acknowledged that he was guilty of "possession of a firearm *in furtherance of a drug trafficking crime*" in violation of section 924(c). Plea Agr. at 2 (emphasis added). Thus the statutory term "crime of violence" never came into play. As the Seventh Circuit concluded in *Davila v. United States*, 843 F.3d 729 (7th Cir. 2016), a conviction under section 924(c) for use of a firearm in furtherance of a drug offense is not rendered infirm by *Johnson*. *Id.* at 730-31.

Second, Reed argues section 924(c)(1)(A), known as the "except clause," is also unconstitutionally vague. The except clause provides a minimum sentence for an individual who uses a firearm in the furtherance of a crime of violence or a drug trafficking crime, "[e]xcept to the extent that a greater minimum sentence is otherwise provided." 18 U.S.C. § 924(c)(1)(A). Reed contends that the except clause itself is void for vagueness, as it fails to provide notice to ordinary people that a sentence under section 924(c) runs consecutively to, not concurrently with, the terms imposed on other charges. Reply Br. at 3-5. This argument does not render Reed's section 2255 motion timely. The right that Reed proposes is wholly separate from the right recognized in *Johnson*; it is not enough to argue that a statute is unconstitutionally vague to bring an argument within the right recognized by *Johnson*.

In sum, Reed's incarceration does not rest, in any part, on the definition of a "crime of violence" held unconstitutional in *Johnson*—or, for that matter, anything else in *Johnson*. For this reason, the timeliness of his section 2255 motion is measured not by

28 U.S.C. § 2255(f)(3), but by 28 U.S.C. § 2255(f)(1). As discussed earlier, Reed's

motion is untimely under section 2255(f)(1), because he did not file it within one year of

when his conviction became final. Because Reed's section 2255 motion is untimely, the

Court need not consider the government's waiver and procedural default arguments.

**II.    Motion to amend**

Reed also seeks leave to amend his section 2255 motion in light of *Dean v.

United States*, 137 S. Ct. 1170 (2017). Mot. for Leave to Amend at 1. A defendant may

amend a section 2255 motion with the leave of the court, which should be given "freely."

Fed. R. Civ. P. 15(a)(2). The Court grants Reed leave to amend, but this does not save

his section 2255 motion, as *Dean* does not apply retroactively to Reed's case.

The Supreme Court held in *Dean* that a judge is not required to ignore a

defendant's mandatory minimum sentence under section 924(c) when calculating the

sentence for the predicate offense. *Dean*, 137 S. Ct. at 1178. Reed contends that his

sentence, which included a minimum sentence under section 924(c) and predicate

offense sentences, should be vacated in light of *Dean.*

Reed may take advantage of the right announced in *Dean* to make his section

2255 motion timely if that right was "made retroactively applicable to cases on collateral

review." 28 U.S.C. § 2255(f)(3). Reed has not shown, however, that the Supreme

Court announced in *Dean* a new rule that was made retroactively applicable in this way.

In accord with the Court's reading is *Hall v. United States*, No. 17 C 3892, 2017 WL

3235438, at *3 (N.D. Ill. July 31, 2017) (finding *Dean* does not have retroactive

application), the only other district court in this circuit to consider the question. *See also

United States v. Cooley*, No. 09 C 0331, 2017 WL 4003355, at *2 (W.D. Mich. Sept. 12,

2017) (dismissing section 2255 motion as untimely, as *Dean* was not retroactive); *United States v. Adams*, No. 06 C 0022-1, 2017 WL 2829704, at *2 (W.D. Va. June 29, 2017) (same). The Fifth Circuit, the only court of appeals to address the issue thus far, found that *Dean* does not retroactively apply to a section 2255 motion. *In re Dockery*, No. 17-50367, 2017 WL 3080914, at *1 (5th Cir. July 20, 2017).

Reed argues that *United States v. Sanchez*, No. 09 C 0011, 01 C 0260, 2017 WL 3033428 (N.D. Fla. May 31, 2017), supports the proposition that *Dean* should be retroactively applied. In *Sanchez*, the court reviewed a defendant's motion to vacate his sentence under *Dean*, but only to state that an argument on the merits would fail, as *Dean* was inapplicable to the defendant's case. *Id.* at *2. The decision in *Sanchez* does not apply *Dean* retroactively. *Id.* Likewise, *Mays v. United States*, 817 F.3d 728 (11th Cir. 2016), affords no help to Reed, as it offers reasons that *Johnson* should be retroactively applied that are inapplicable to *Dean*. *Id.* at 735-36.

Finally, because "the motion, files, and records of the case conclusively show that the prisoner is entitled to no relief," the Court declines Reed's request for an evidentiary hearing. *Koons v. United States*, 639 F.3d 348, 354-55 (7th Cir. 2011).

### Conclusion

For the reasons stated above, the Court grants Anthony Reed's motion for leave to amend [dkt. no. 6] but denies his motion under 28 U.S.C. § 2255 [dkt. no. 1] and directs the Clerk to enter judgment denying the motion. The Court declines to issue a certificate of appealability (COA). When, as in this case, a court has denied a section 2255 motion on procedural grounds like the statute of limitations, it should issue a COA if the movant shows that reasonable jurists would find it debatable whether the motion

stated a valid claim on the merits *and* would find debatable the correctness of the

court's procedural ruling.  *Slack v. McDaniel*, 529 U.S. 473, 478 (2000).  In this case,

the statute of limitations ruling is not fairly debatable.

Date: January 16, 2018